Thomas F. FOX, Petitioner,

v.

Harold BROWN, Secretary of the United States Air Force, and A. C. O'Hara, Major General Nyarng, Chief of Staff to the Governor of New York, Respondents.

No. 68 Civ. 2581.

United States District Court
S. D. New York.

June 28, 1968.

---

John J. Fox, Pearl River, N. Y., for petitioner.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for respondent, Harold Brown, Secretary of the United States Air Force by Patricia M. Hynes, and Alan B. Morrison, New York City, of counsel.

Louis J. Lefkowitz, New York City, for respondent, A. C. O'Hara and Major General Nyarng, by Philip Weinberg, and Robert S. Hammer, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The petitioner enlisted in August 1962, in the State and U. S. Air National Guards for six years and is lawfully subject to the jurisdiction of the military.

■ The order activating petitioner was regularly made by a military official within his jurisdiction and his is a discretionary determination. Petitioner was duly alerted for active duty in October, 1967 and his order to active duty was made on May 29, 1968, more than a reasonable time having thus been allowed. He was given a hearing pursuant to 10 U.S.C. § 673a(c). His complaints of wrongs are redressable within the military, not in Court. 10 U.S.C. § 939 et seq. The claim to separation on the ground of hardship failed to meet the standards of Public Law 89–687, 80 Stat. 980 later codified as 10 U.S.C. § 673a or the implementing Executive Orders 11327 and 11366 of the President. Any claim that he is being activated for an excessive period is to be raised while on active duty.

The petitioner's contentions do not state facts sufficient to invoke this Court's jurisdiction and the allegations are mere argument and conclusions of law or of the petitioner. The motion is denied in all respects. See also, Winters v. United States, 281 F.Supp. 289 (E.D. N.Y.), aff'd. 390 F.2d 879 (2 Cir. 1968).

So ordered.

## OPINION
## ON REARGUMENT

The petitioner moves for reargument of a motion which was denied and which sought to cancel and annul an Extended Active Duty Order which directed petitioner to report for 18 months, 5 days' active duty at Cannon Air Force Base, Clovis, New Mexico. The ground for reargument is that the petitioner failed to bring to the Court's attention the ruling in Gion v. McNamara, decided on January 9, 1968 by Judge Crary in the District Court for the Central District of

California, Civil Action No. 67–1563–EC (not reported).

On August 7, 1962 petitioner voluntarily enlisted for six years in the New York Air National Guard and the Air National Guard of the U. S. His enlistment record specified that "I have been advised of the six years service obligation I have acquired under the provisions of 10 USC 651". Petitioner served 131 days' active duty for training in 1962. Thereafter in 1965, following his repeated unexcused absence from required drills, he was ordered, pursuant to 10 U.S.C. § 270(c) to 45 days' active duty.

Petitioner's wilful absence from drills continued following this order. Finally, on October 18, 1967, he was advised by his Commanding Officer that he had been recommended to be ordered to active duty as a result of his unsatisfactory participation in drills, pursuant to Public Law 89–687, 80 Stat. 980, which in pertinent part provides:

"(a) Notwithstanding any other provision of law, until June 30, 1968, the President may order to active duty any member of the Ready Reserve of an Armed Force who—

(1) is not assigned to, or participating satisfactorily in, a unit in the Selected Reserve, * * *."

Petitioner objected to this order and was afforded a hearing before the Staff Judge Advocate of the New York Air National Guard at which he was represented throughout by civilian counsel of his choice as well as an assigned military counsel of his choice. His attendance at drills was revealed to be substantially below the 90% attendance level mandated for reservists by Air Force directives.

The Staff Judge Advocate recommended that the petitioner be ordered to active duty in view of the findings made following the hearing. This recommendation was adopted and was followed by an order of the United States Air Force relieving petitioner from duty in the New York Air National Guard and placing him on duty with the United States Air Force as a member of the Ready Reserve in his status as a member of the Air National Guard of the United States. This order took effect and petitioner assumed such duty status as of June 25, 1968, and was ordered to report to Cannon Air Force Base as of July 1, 1968. The petitioner has not complied with this order and has disregarded it against the advice of his counsel.

The petitioner moved by Order to Show Cause made on June 24, 1968 returnable before this Court on June 27, 1968 for an order cancelling and annulling the Extended Active Duty Order herein and discharging the petitioner from the New York Air National Guard. Following the argument of the motion the Court filed an opinion denying the motion in all respects and stating that "the petitioner's contentions do not state facts sufficient to invoke this Court's jurisdiction and the allegations are mere argument and conclusions of law or of the petitioner". Considerable weight was placed on the recent case of Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.) aff'd 390 F.2d 879 (2 Cir. 1968).

The petitioner now contends that Gion v. McNamara, supra, is exactly in point and in petitioner's belief would have brought a different result on the original motion if known by the Court. Successively, the petitioner's points are that a reservist cannot be activated in his sixth year of enlistment and only a 45 day training period can be imposed; that a reservist cannot be activated without a Declaration of War; that petitioner's enlistment contract has been violated by the order to involuntary active duty because of unsatisfactory participation in the Ready Reserve; and that applying Public Law 89–687 to petitioner constituted violation of the due process clause of the Fifth Amendment to the Constitution. An examination of the findings in the *Gion* case shows a material difference in the enlistment contract of the petitioner there from the contract of enlistment entered into by the petitioner in this case.

In *Gion* the statement of understanding executed upon enlistment by the peti-

tioner in the Marine Corps Reserve was "that if I fail or refuse to perform the training duties required, I may be ordered without my consent to perform not to exceed 45 days of additional active duty for training * * * ".

Petitioner was ordered to active duty in August 1967 for a period of 16 months for unsatisfactory participation in the Ready Reserve pursuant to a Marine Corps Bulletin which was issued under Public Law 89–687. He had performed more than 45 days of additional active duty since August 15, 1967 to the date of the Court's determination. The California District Court concluded that this order constituted a violation of petitioner's enlistment contract and the application of the Public Law to the petitioner constituted a violation of the due process clause of the Fifth Amendment to the Constitution. That determination is of doubtful force in this Circuit which has ruled essentially to the contrary on basically the same substantive facts. See, Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.) aff'd 390 F.2d 879 (2 Cir. 1968).

The enlistment contract in the case before this Court carries a different provision than that in *Gion*. Here the contract stated:

"3. I understand that upon failure to accomplish any of the above, my name will be sent through channels to the appropriate agencies for their action in determining how much service I will be required to perform by recall to active duty."

There is not time limitation agreed upon in the contract of enlistment herein.

The petitioner would read into his contract of enlistment the statute in force in 1962 at the time of his enlistment which provided that a member of the Ready Reserve who fails to satisfactorily perform his training duties may be ordered without his consent to perform additional active duty for training for not more than 45 days. 10 U.S.C. § 270(b). However, the Defense Appropriation Act, 1967, Public Law 89–687, 80 Stat. 980 provides that a reservist ordered to active duty for failure to participate satisfactorily in a reserve unit may be required to serve on active duty until his total service on active duty or active duty for training equals 24 months. The later statute is controlling here. The petitioner did not acquire a vested right in the provisions of the relevant statute as they existed in 1962. "Were such instruments construed otherwise they would in effect fetter and embarrass the power of the President and the Secretary of Defense to adopt uniform and practical regulations for the administration of the armed forces and Ready Reserve, and could indeed operate indirectly as a fetter upon the Congress itself, which would have to take action in contemplation of the existence of a large number of such agreements in force at any one time, and which would be only appropriate, even if not necessary that the Congress should consider in enacting new law." Winters v. United States, 281 F.Supp. 289, 296 (E.D.N.Y.1968).

The petitioner enlisted in the New York Air National Guard and became thereby entitled to certain privileges, namely, exemption from the draft and assumed certain obligations and liabilities including subjection to military discipline. He chose to fulfill his military obligation on a part time basis. He was obliged to attend drill one weekend a month and to also attend a two-week annual field training program. He did not fulfill these obligations.

■■ Pursuant to statutory authority, he was ordered to active duty. His contract warned him that upon failure to accomplish his drill obligations, he could be recalled to active duty and the length of service thereof could be prescribed by the appropriate agencies. The exercises of discretion involved are not reviewable by this Court. As stated by the Supreme Court in Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953) "judges are not given the task of running the Army. * * * The military constitutes a specialized community governed by a separate discipline from

that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." The Air Force acted within the jurisdiction conferred on it by the statute as well as by the contract of enlistment and the requirements of procedural due process have been satisfied.

Reargument granted and on reconsideration the original determination is adhered to. The motion for an annulment and cancellation of the Extended Active Duty Order herein and discharging petitioner from the New York Air National Guard is in all respects denied.

So ordered.