402 F.2d 837
 Thomas F. FOX, Petitioner-Appellant,
v.
Harold BROWN, Secretary of the United States Air Force, and
A. C. O'Hara, Major General NYARNG, Chief of Staff
to the Governor of New York,
Respondents-Appellees.
 No. 109, Docket 32584.
 United States Court of Appeals Second Circuit.
 Argued Sept. 10, 1968.
Decided Oct. 21, 1968, Certiorari Denied March 24, 1969, See
89 S.Ct. 1219.
 
 Moses M. Falk, New York City, for petitioner-appellant.
 Patricia M. Hynes, Asst. U.S. Atty., Southern District of New York (Robert M. Morgenthau, U.S. Atty., and Alan G. Blumberg, Asst. U.S. Atty., on the brief), for respondent-appellee Brown.
 Philip Weinberg, Associate Atty., State of New York, New York City (Louis J. Lefkowitz, Atty. Gen. of New York and Philip Kahaner, Asst. Atty. Gen., on the brief), for respondent-appellee O'Hara.
 Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 This is an appeal from two judgments of the District Court for the Southern District of New York, Milton Pollack, Judge, denying on argument, and again on reargument, 286 F.Supp. 855 (S.D.N.Y.1968), the application of petitioner Fox to annul an order directing him to report for active duty with the United States Air Force and discharging him from the Air National Guard due to unsatisfactory participation in his reserve unit. The issues on appeal are the validity of the military orders, and the jurisdiction of the District Court over the claim.
 
 
 2
 On August 7, 1962 appellant Fox voluntarily enlisted in the New York State Air National Guard and the Air National Guard of the United States. His enlistment record specified:
 
 
 3
 I certify that I have been advised of the 6 year service obligation I have acquired under the provisions of 10 U.S.C. 651. I * * * acknowledge to have voluntarily enlisted * * * in the Air National Guard of New York and as a Reserve of the Air Force with membership in the Air National Guard of the United States for a period of (six) 6 years under the conditions prescribed by law * * *
 
 
 4
 Petitioner also signed a statement of participation in the Air National Guard which reads:
 
 
 5
 3. I understand that upon failure to accomplish any of the above (basic training, followed by yearly requirement of 48 drills and 15 days field training), my name will be sent through channels to the appropriate agencies for their action in determining how much service I will be required to perform by recall to active duty.
 
 
 6
 Fox served 131 days active duty (basic training) in 1962. Thereafter Fox was in 1965 repeatedly absent from required drills without excuse. At the time of Fox's enlistment there were two statutes providing for the call-up of members of the Air National Guard who fail to participate satisfactorily in a reserve unit.[1] Because of the unexcused absences in 1965 Fox was ordered to 45 days' active duty pursuant to 10 U.S.C. 270(c).
 
 
 7
 In 1966 Congress passed Public Law 89-687, 80 Stat. 980, which was codified in 1967, 10 U.S.C. 673a, and is the authority for the order which is at issue in the present case.[2]
 
 
 8
 Fox's unexcused absences from drills continued following the 1965 order to 45 days' active duty. In the fiscal year 1966-67, Fox had 19 unexcused absences and 12 excused absences. On October 18, 1967, Fox was alerted that he had been recommended for active duty pursuant to Public Law 89-687 as a result of his unsatisfactory participation in drills. (The minimum standard for satisfactory participation in the Air Force Reserves (Manual 35-3, Ch. 41) and Air National Guard (Reg. 39-10) is 90% Attendance in required drills.)
 
 
 9
 Fox requested a hearing to rebut the allegation that he had failed to attend 90% Of the required drills, on the grounds of a conspiracy against him, a denial of appropriate duty, and failure to punish other reservists with similar records; Fox also alleged financial hardship (sole support of his father), and change of physical condition (injuries to his left knee and hand). At the hearings before Morton Zucker, Staff Judge Advocate of the Air National Guard, in December 1967 and January 1968, Fox was represented by civilian and military counsel. The Staff Judge Advocate dismissed Fox's allegations as unsupported by evidence, and recommended that Fox be ordered to active duty pursuant to 10 U.S.C. 673a and Executive Order 11366.
 
 
 10
 On May 29, 1968 the Office of the Commander of the Air Reserve Personnel Center issued an order directing that Fox be involuntarily activated for a period of 18 months 5 days, pursuant to 10 U.S.C. 673a, effective June 25, 1968, and that Fox report to Cannon Air Force Base in New Mexico on July 1, 1968. Plaintiff Fox alleged that he did not receive the order until June 7, 1968.
 
 
 11
 At the time the order was issued Fox had served 176 days on active duty (including the 45 days in 1965); this was deducted from the statutory 24 months, leaving 18 months and five days. Fox's annual two weeks field training, amounting to ten weeks over the five-year period since 1962, was apparently not considered to be 'service on active duty' within the meaning of 10 U.S.C. 673a(b), supra.
 
 
 12
 Also applicable to the May 29 order is 10 U.S.C. 672(e).[3]
 
 
 13
 Fox commenced this action by an application for an order to show cause, dated June 24, 1968, demanding that the order of May 29 extending his active duty be annulled. Judge Pollack denied the application, ruling that reasonable notice had been allowed, that any claim that Fox was activated for an excessive period should be raised while on active duty, Fox's complained of wrongs are redressable within the military and not the court (citing 10 U.S.C. 939), and that petitioner had failed to state facts sufficient to invoke the court's jurisdiction.
 
 
 14
 Fox did not report for active duty as directed. On July 2, 1968, he moved for reargument, allegedly to bring to the court's attention an unreported case in the Central District of California, Gion v. McNamara. By opinion and order of July 11, 1968, Judge Pollack granted reargument and adhered to his original decision.
 
 
 15
 On July 31, 1968 Fox applied to this court for a stay of all proceedings pending appeal. Appellee Harold Brown, Secretary of the Air Force of the United States, moved to dismiss for lack of jurisdiction. Judge Hays granted a stay, and argument was adjourned to September 10, 1968. We terminated the stay at the time of argument, and affirm the judgment of the District Court.
 
 I.
 
 16
 We agree with Judge Pollack that Fox has stated no justiciable claim within the jurisdiction of the District Court, to the extent that he seeks review of acts of military discretion.[4] The courts will not ordinarily assume to revise the orders of those lawfully in the service; Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). This court has specifically ruled that an activation order under 10 U.S.C. 673a for unsatisfactory performance in the reserves may only be reviewed to the extent of determining whether the military had acted within its jurisdiction under valid law; Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.), aff'd390 F.2d 879 (2d Cir. 1968). The habeas corpus cases cited by petitioner are not persuasive since they involve exercises of administrative discretion which had a chilling effect on First Amendment rights, not present here. Moreover, where the status of persons within the armed forces has been at issue, rather than the classification of civilians by a local board, courts have followed the Orloff approach, supra; see Brown v. McNamara, 387 F.2d 150 (3d Cir. 1967); Noyd v. McNamara, 378 F.2d 538 (10th Cir. 1967), cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1968).[5] We hold that Winters, supra, controls.
 
 II.
 
 17
 On the merits also we agree with Judge Pollack's conclusions.
 
 
 18
 Fox contends that the May 29 order is invalid because he was not given credit for the active duty which he performed for two weeks each year, in computing the permissible extended active duty under 10 U.S.C. 673a(b), n. 2 supra, which allows such extension 'until his total service on active duty equals twenty-four (24) months.' The Staff Judge Advocate took the position that Fox's summer camp training was not 'active duty' within 673a(a), and we agree, see 10 U.S.C. 101(31). Moreover, even if the order failed to credit Fox with an additional 10 weeks, the District Court was correct in ruling that such a claim should be raised while he is on active duty pursuant to 10 U.S.C. 673a.
 
 
 19
 A second contention of petitioner is that he was not given sufficient time to wind up his affairs before being required to enter upon active duty, as is required by 10 U.S.C. 672(e), n. 3 supra. Petitioner argues that he was not 'alerted' for duty until he received actual notice of the May 29 order to active duty on June 7. The District Court ruled that Fox was 'alerted' when on October 18, 1967 he received the advance notification of orders to report for involuntary active duty, and we agree. Moreover, even assuming that Fox's contention is correct, the order to report for active duty would not thereby be invalid; the most that Fox could contend under this provision is that he was entitled to report on July 7, 1968.
 
 
 20
 Petitioner next contends that the order is invalid because the consent of the Governor, 10 U.S.C. 672, or request of the Governor under 10 U.S.C. 270(c) was not shown. This argument assumes that the above statutes are of general application; however 10 U.S.C. 673a, the authority for the activation order involved in this case, is applicable by its terms 'notwithstanding any other provision of law.' In this connection, petitioner also claims that the orders are in derogation of the Tenth Amendment because they usurp from the state powers not delegated to the United States by the Constitution. This ignores the plenary power of Congress over the raising and maintenance of armed forces.
 
 
 21
 Fox's next argument is that the orders deprive him of equal protection of the laws because they are in violation of statutes limiting his enlistment period to six years. In particular he relies on 32 U.S.C. 303(d) which states:
 
 
 22
 In time of peace no enlisted member may be required to serve for a period longer than that for which he enlisted in the active or inactive National Guard.
 
 
 23
 Petitioner again fails to note that 10 U.S.C. 673a(a) applies 'notwithstanding any other provision of law.'
 
 
 24
 Petitioner also questions the ability of Congress 'retroactively' to increase his contractual period of service. Certainly the statute on its face applies to Fox; it states that the President may activate any member of the Ready Reserve who is not participating satisfactorily. Fox cannot claim that the statute impairs rights that were vested at the time of its effective date. As the factual statement above indicates, the contracts which petitioner signed provided for recall to active duty for failing to perform minimum required duties, and that his enlistment term was subject to conditions prescribed by law. One of these laws in force at the time of petitioner's enlistment, provided that unsatisfactory performance could result in induction for two years by the reservist's draft board; 50 U.S.C. App. 456(c), n. 1 supra.
 
 
 25
 Petitioner relies on Gion v. McNamara, F.Supp. (C.D.Calif.1968). The enlistment understanding in that case is distinguishable, however, and in any case we would not construe such an understanding to limit the powers of Congress and the President to provide for the administration of the armed forces. See Winters v. United States, 281 F.Supp. 289, 296 (E.D.N.Y.), aff'd 390 F.,2d 879 (2d Cir. 1968); see also Morse v. Boswell, 289 F.Supp. 812 (D.Md.1968) and Pfile v. Corcoran, 287 F.Supp. 554 (D.Colo.1968).
 
 
 26
 Appellant further argues that the orders are invalid for failing to permit him to appeal from his hearing. There is no merit in this contention. Petitioner himself admits that he had the right to appeal pursuant to 10 U.S.C. 938, Art. 138, Uniform Code of Military Justice.
 
 
 27
 Judgment dismissing the application affirmed.
 
 LUMBARD, Chief Judge (concurring):
 
 28
 I concur. We have already specifically ruled that an activation order under 10 U.S.C. 673a for failure to comply with attendance requirements in the reserves may only be reviewed to the extent of determining whether the military has acted within its jurisdiction under valid law. Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.), aff'd 390 F.2d 879 (2 Cir. 1968). Therefore Fox's constitutional challenge to his activation is properly before us.
 
 
 29
 Fox argues that at the time he signed up with the reserves the punishment for missing drills was at most recall to active duty for forty-five days, and that the subsequent passage of 10 U.S.C. 673a, which extended the maximum period of activation in such a case to two years, was a unilateral modification of his enlistment contract that deprived him of liberty without due process of law.
 
 
 30
 What this argument overlooks is that at the time Fox enlisted, activation for forty-five days was only one of two punishments prescribed for those who failed to fulfill their reserve obligations. The other was induction into the Army for two years on a priority basis. 50 U.S.C. App. 456(c)(2)(D).
 
 
 31
 The New legislation therefore did not impose any new substantive burdens on Fox, and any minor changes in his contract which it did effect are clearly within the power of Congress to provide for the administration of the Armed Forces.
 
 
 
 [1]
 These provide as follows:
 10 U.S.C. 270(c).
 Any person who becomes a member of the * * * Air National Guard of the United States * * * and who fails in any year to perform satisfactorily the training duty prescribed by or under law for members * * * may, upon the request of the Governor of the State * * * be ordered, without his consent, to perform additional active duty for training for not more than forty-five days.
 50 U.S.C. App. 456(c)(2)(D).
 Notwithstanding any other provision of this Act, the President * * * may provide that any person enlisted * * * in the Ready Reserve of any reserve component of the * * * Air National Guard * * * who fails to serve satisfactorily during his obligated period of service as a member of such Ready Reserve or National Guard * * * may be selected for training and service and inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor. (10 U.S.C. 269(b) provides the members of the Air National Guard of the United States are in the Ready Reserve of the Air Force.)
 
 
 [2]
 10 U.S.C. 673a provides that:
 (a) Notwithstanding any other provision of the law, the President may order to active duty any member of the Ready Reserve of an armed force who-- (1) is not assigned to, or participating satisfactorily in, a unit of the Ready Reserve; (b) A member who is ordered to active duty under this section may be required to serve on active duty until his total service on active duty equals 24 months. If his enlistment or other period of military service would expire before he has served the required period under this section, it may be extended until he has served the required period. (c) To achieve fair treatment among members of the Ready Reserve who are being considered for active duty under this section, appropriate consideration shall be given to-- (1) family responsibilities; and (2) employment necessary to maintain the national health, safety or interest. (In Executive Order 11366, August 4, 1967, the President delegated his authority under 10 U.S.C. 673a(a) to the Secretary of Defense.)
 
 
 [3]
 10 U.S.C. 672(e) provides:
 A reasonable time shall be allowed between the date when a Reserve ordered to active duty (other than for training) is alerted for that duty and the date when he is required to enter upon that duty. Unless the Secretary concerned determines that the military requirements do not allow it, this period shall be at least 30 days.
 
 
 [4]
 Because of our holding, we do not find it necessary to decide whether the requisite amount in controversy is involved in this case; Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967)
 
 
 [5]
 For these reasons, our decision in Hammond v. Lenfest, 398 F.2d 705 (2d Cir. June 10, 1968), is not contrary to our holding in Winters, supra, nor the present case. In Both Hammond and Winters this Court exercised a limited power of review