Richard A. GIARDINA, Petitioner,

v.

Joseph M. AMBROSE, Major General, AGC, Massachusetts Army National Guard, Joseph E. Flanagan, Jr., Captain, Artillery, Massachusetts Army National Guard, Commanding General, First United States Army, Fort George G. Meade, Maryland, Respondents.

Civ. A. No. 69–70–F.

United States District Court
D. Massachusetts.

May 5, 1969.

Rico Matera, East Boston, Mass., for petitioner.

Paul F. Markham, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for respondents.

### ORDER

FRANCIS J. W. FORD, District Judge.

The petitioner, a private in the Massachusetts National Guard, asks this Court to enjoin an order issued to him to report for active duty for seventeen months and four days for failing to perform his Reserve obligations satisfactorily.

Petitioner Giardina voluntarily enlisted in the Massachusetts National Guard on August 30, 1963 for a period of six years and is lawfully subject to the jurisdiction of the military. After completing basic training at Fort Dix, New Jersey, on March 2, 1964, he was released from active duty and assigned to a Massachusetts Army National Guard unit in Boston, Massachusetts. He was under a duty to attend scheduled inactive-duty training drills and an annual two-week training period in accordance with existing orders and directives.

Between October 29, 1967 and February 18, 1968, he had five unexcused absences from unit training assemblies. On this basis his unit commander in the Massachusetts Army National Guard determined that his participation in its program was unsatisfactory and requested that Giardina be ordered to report for involuntary active duty.

The Review and Appeal Board met and heard the petitioner's case on April 23, 1968. Petitioner and his counsel appeared. The Board recommended that the active duty request be approved.

On June 20, 1968, the Adjutant General, Massachusetts Army National Guard,

in his discretion, decided that the petitioner should not be ordered to active duty at that time, and he returned the request for active duty without action. In this manner, pursuant to the request of his counsel that he be given one "last opportunity," the petitioner was given one additional chance to redeem himself.

On August 22, 1968, the petitioner's unit commander again submitted a request to the Adjutant General that he be ordered to active duty because of absence without leave from scheduled training on August 10 and August 11, 1968.

The Review and Appeal Board met a second time on September 10, 1968 and found that the petitioner did in fact miss the drills on August 10 and August 11, 1968. However, in view of the petitioner's letter of August 21, 1968, the Board requested further investigation. In this letter the petitioner stated that he "was very tired from working the night before so he fell asleep in the field from 1:30 that afternoon to about 8:00 that night."

The investigation disclosed that the petitioner was present for the morning drill at Camp Edwards, Massachusetts, on August 10, 1968. He was last seen at the rifle range in the vicinity of noon time. When roll call was conducted at 6:00 P.M., the petitioner was missing, and the First Sergeant, despite an effort to do so, could not locate him. When the roll was called again on Sunday, August 11, 1968, at 6:30 A.M., the petitioner was still missing. An effort to locate him at that time was fruitless. Before the unit left for home station at 12:30 P.M., a check of the personnel and vehicles was made and the petitioner was still missing. He was not found until 4:00 P.M. in the Battery area in Boston. He stated then that he fell asleep in the woods and could not say how he came back except that it was on a truck.

In view of the facts presented, this Court finds that this soldier was missing from duty and AWOL according to regulations. He was given an opportunity to explain his absence and, after failing to give a satisfactory explanation, was marked AWOL.

The Review and Appeal Board met a third time on November 26, 1968. The petitioner and his counsel again appeared. He thereby was given a hearing pursuant to 10 U.S.C. § 673a(c). The Court also finds that the petitioner was afforded every opportunity to be heard and was represented by counsel during the administrative proceedings.

On December 4, 1968, in compliance with the petitioner's requests for mental tests, he was informed that he would be examined on December 22, 1968 and that if he was found not qualified for military service, the active duty order would be cancelled.

On December 24, 1968, the petitioner was examined, the medical statements and laboratory results furnished by the petitioner's doctors were evaluated, and it was found that the Massachusetts Army National Guard doctors concurred with the findings of the civilian physicians that there was no evidence of any organic disease and that the petitioner was medically qualified for retention in the Service. On December 26, 1968, the petitioner was notified of this result.

On January 10, 1969, the Commanding General, First United States Army, ordered Private Giardina to active duty for a period of seventeen months and four days, pursuant to 10 U.S.C. § 673a, and ordered that Giardina report to Fort Dix, New Jersey, on February 17, 1969. By agreement of counsel this reporting date has been postponed at various times until May 5, 1969.

On January 27, 1969, the Petition for a Temporary Restraining Order and Preliminary Injunction was filed with this Court. Because of the medical allegations the petitioner was examined at Fort Devens, Massachusetts, on February 20, 1969, by a qualified psychiatrist. On the basis of the history and clinical evaluation of the petitioner, the psychiatrist determined that there is no evidence of any significant personality change in the individual in the past few

years and recommended that the petitioner be psychiatrically cleared for military duty.

On February 24, 1969, a medical officer attached to the same Army Hospital performed a physical examination of the petitioner. Based on the physical examination and the report of the medical history, he determined that no physical defects were noted, that the petitioner had no physical limitation affecting his duty status and that he was qualified for retention in the military service.

In all instances in the processing of this case, there was substantial compliance with the provisions of Army Regulation 135–91.

At the hearing of his case on April 18, 1969, the petitioner failed to state facts sufficient to invoke the jurisdiction of this Court. The Court finds that in assigning the petitioner to active duty, the United States Army acted under the authority of 10 U.S.C. § 673a, as implemented by Executive Order 11366 of August 4, 1967. See Bates v. Commander, First Coast Guard District and Commanding Officer, United States Coast Guard Base (T & A) Boston, Mass., 297 F.Supp. 193 (D. Mass., March 7, 1969).

■ The Commanding General, First United States Army, was well within his discretion to order the petitioner to active duty and the decision is not reviewable by this Court. As stated by the Supreme Court in Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953), "Judges are not given the task of running the Army * * *. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."

■ If the petitioner has any claim that he is being activated for too long a period of time, he should pursue it while on active duty with the United States Army. Fox v. Brown, 402 F.2d 837 (2 Cir. 1968).

It is ordered that the petitioner's Request for the Granting of a Temporary Restraining Order and/or a Preliminary Injunction be, and the same hereby is, denied, and that the Complaint be dismissed.