James A. METZ, Plaintiff,

v.

The UNITED STATES of America, Melvin Laird, Secretary of Defense of the United States of America, Louis A. Duke, Jr., Lieutenant Colonel, Pennsylvania Air National Guard Commander and Richard B. Posey, Brigadier General, United States Air Force, Deputy Adjutant General, Pennsylvania Air National Guard, Defendants.

Civ. A. No. 69-976.

United States District Court
W. D. Pennsylvania.

Sept. 30, 1969.

**208**

Robert G. Sable, Baskin, Boreman, Sachs, Gondelman & Craig, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, District Judge.

This is a Complaint requesting the Court to enjoin preliminarily the enforcement by the named defendants of a military order compelling plaintiff, a member of United States Air Force Reserve and Pennsylvania Air National Guard, to involuntary active duty in the United States Air Force. Subject-matter jurisdiction is founded upon Title 28 U.S.C. § 1331. The matter came on for hearing before this member of the Court on August 21, 1969 at which time the United States Attorney moved to dismiss the Complaint. I am of the opinion the Complaint must be dismissed for the reasons set forth hereinafter.

As stated in the Complaint, plaintiff, a resident of the State of Pennsylvania, enlisted in the Pennsylvania Army National Guard and United States Army Reserve on November 7, 1963. On January 10, 1966, plaintiff transferred to, and enlisted in, the Pennsylvania Air National Guard and United States Air Force Reserve. He subsequently re-enlisted in the Pennsylvania Air National Guard for the period from January 10, 1969 to January 10, 1970.

During the period from July 1, 1968 to June 30, 1969, plaintiff was absent from drills on six occasions, thus acquiring one absence in excess of the yearly number permitted by applicable military regulations. Consequently, plaintiff was ordered on July 15, 1969, to report for extended active duty commencing on the 25th day of August, 1969 and terminating seventeen months and six days thereafter, for failure to perform

satisfactorily his Reserve obligations in the Pennsylvania Air National Guard. Although the Complaint alleges that said order issued from the Pennsylvania Air National Guard, a copy of said order introduced in evidence as defendant's Exhibit No. 1 clearly establishes its origin at the Air Reserve Personnel Center Headquarters of the Department of the Air Force in Denver, Colorado.

Plaintiff contends that the order, which was issued pursuant to a law of Congress and executive order effective subsequent to his enlistment both in the Army National Guard and Air National Guard, must be found invalid as abrogating plaintiff's contractual rights arising out of his 1963 and 1966 enlistment agreements. Also, plaintiff contends that he was induced to re-enlist in the Ready Reserve for a period from January of 1969 to January of 1970 upon certain misrepresentations, that he was advised drill absences were to be computed upon plaintiff's anniversary year of service when, in fact, they were computed upon the fiscal year of the Pennsylvania Air National Guard, and that his order to active duty was rendered without due cognizance of personal hardship.

The question is raised as to whether the Complaint is subject to dismissal for lack of personal jurisdiction over the Secretary of Defense, for failure to state a claim, and/or for want of a justiciable question.

The Secretary of Defense is not a resident of the State of Pennsylvania, and it is asserted by the United States Attorney that the Court therefore lacks authority to exercise personal jurisdiction over him. Rule 4(e) of the Federal Rules of Civil Procedure contemplates service upon a party not an inhabitant of, or found within, the state where a federal district court is located when a statute of the United States expressly provides for such service. The question arises as to whether Section 1391(e) of Title 28, United States Code does authorize extraterritorial service of process upon the Secretary of Defense in this case.

Section 1391(e) provides:

"A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought."

Although Section 1391 ostensibly is concerned with venue as distinguished from jurisdiction, Professor Moore concludes that the addition of subsection (e) was, in fact, intended to extend the extraterritorial jurisdiction of federal district courts where each of the named defendants are officers, employees, or agencies of the United States. 2 J. Moore, Federal Practice, paragraph 4.29, at 1210–11 (2 ed. 1967). This is confirmed by a reading of Sen.Rep.No.1992, 87th Cong., 2d Sess., to accompany HR1960, 2 U.S.Code Cong. and Adm.News (1962) p. 2784. I therefore conclude that the Court does have authority to exercise extraterritorial jurisdiction in the circumstances contemplated by Section 1391 (e).

A further question arises as to whether the instant action naming as a defendant the United States as well as officers of the United States falls within the ambit of § 1391(e), which by its express terms applies only to actions in which "each defendant is an officer or employee of the United States or any agency thereof * * *." While the United States is not technically an offi-

cer or agency of itself, I conclude that § 1391(e) is intended to apply to the situation where the United States as well as officers, employees and/or employees of the same are named defendants.

█ There may well exist in this action a serious obstacle to the granting of any injunctive relief which would bind the Secretary of Defense since the record does not indicate said defendant has been served under Rule 4(d) of the Federal Rules of Civil Procedure or otherwise notified pursuant to Rule 65. Likewise, the record reveals no service upon or notice to the other named defendants in this action. However, the United States was represented by the United States Attorney, who has raised no objection to jurisdiction or service of process. I conclude proper parties are before the Court which justifies the entry of a final adjudication.
Complaint, due regard must be given to

█ In turning to the merits of the the fact that plaintiff's position is that of one who is and has been a soldier, albeit not full-time, in the Armed Forces of the United States since 1963 and not that of a civilian being called to the military. This Court is most chary of intervening in military affairs, particularly where plaintiff's military conduct is in question and is reviewable by the processes of military adjudication. An order which is a valid exercise of military discretion under the laws of the United States and applicable military regulations is, without question, beyond the review of this Court. Byrne v. Resor et al., 412 F.2d 774 (3d Cir. 1969), decided June 20, 1969 but not yet officially reported.

Plaintiff's primary contentions are that the order dated July 15, 1969 compelling him to extended active duty of seventeen months and six days is in violation of contractual rights accruing to him under his original enlistment agreements entered into with the Pennsylvania Army National Guard and Pennsylvania Air National Guard and additionally vio-

lates Article I, Section 8 of the Constitution prohibiting Congressional abrogation of contractual rights. Said order was issued pursuant to Section 673a of Title 10, U.S.C. and Executive Order 11366, both of which were enacted subsequent to plaintiff's original enlistment contracts and both of which, in substance, provide that the Armed Services may call to active duty for a period of not more than two years a member of the Ready Reserve who has not participated satisfactorily in that service. At the time of plaintiff's first enlistment in 1963 and until the enactment of Section 673a, plaintiff was subject, for failure to perform satisfactorily in the Ready Reserve, to a call to active duty for a period of no more than forty-five days pursuant to Section 651 of Title 10, U.S.C. and/or to priority induction into the Armed Forces by the Selective Service System for two years pursuant to Section 456(c) (2) (D) of Title 50 U.S.C. App.

█ Whether a call to active duty pursuant to Section 673a for unsatisfactory participation in the Ready Reserve effectively abrogates contractual rights of one who has enlisted in the Ready Reserve under the laws existing prior thereto has been the subject of numerous recent decisions. All but one of those decisions brought to the Court's attention hold that it does not. I am in accord with the vast majority of these decisions.

In the case of Fox v. Brown, 402 F.2d 837, (2d Cir. 1968), cert. den., 393 U.S. 1114, 89 S.Ct. 1007, 22 L.Ed.2d 120, it was observed that the enactment of Section 673a effected no substantial change in the length of active duty to which the unsatisfactorily performing reservist was subject and merely provided that his two year call to active duty could be upon direct order from the Armed Services without the necessity of processing by induction. Consequently, the Court therein concluded that a reservist's contractual obligations were not substantially changed by the enactment of Section 673a. 402 F.2d at 842.

■ Reaching the same result is the case of Winters v. United States, 281 F. Supp. 289, 295–296 (E.D.N.Y.1968), aff'd 390 F.2d 879 (2d Cir. 1968), cert. den. 393 U.S. 896, 89 S.Ct. 188, 21 L.Ed. 2d 177, wherein the Court noted that the enlistment contract in question contemplated military service "as the law may require" and concluded that said contractual language anticipated service under prospectively enacted as well as then existing law. I take judicial notice of the fact that the form enlistment agreement DD 4, in use at the time of plaintiff's enlistment in the Pennsylvania Air National Guard in 1966, contained similar language in which the plaintiff agreed to serve the military "under the conditions prescribed by law."

■ It must be concluded both that § 673 of Title 10, U.S.C. subjected plaintiff to no substantially different consequence for his failure to perform satisfactorily in the Ready Reserve than had theretofore existed under prior law and that plaintiff's enlistment contract contemplated service upon the terms of the later enacted statutory provision in any event. The contractual claim of plaintiff must therefore be dismissed as legally insufficient.

Nor can plaintiff seriously contend that he was not apprised of any change in his military obligations resulting from the enactment of Section 673a. The United States has established that the plaintiff acknowledged his awareness of the new directives issued pursuant to the new statutory provision shortly after their issuance. Viewing defendants' motion to dismiss as one for summary judgment upon plaintiff's contractual claim, the Court finds that plaintiff offered no evidence to dispute the fact that plaintiff knew fully of his changed obligations.

■ Plaintiff also contends that he was wrongfully induced to re-enlist in the Ready Reserve for the additional period from January 10, 1969 to January 10, 1970 by the misrepresentation that he was not then eligible to apply for Standby Reserve. Since Section 269 of Title 10, U.S.C. confers the right to transfer to Standby Reserve only upon five-year Reservists who have spent a portion of time upon active duty *other than for training*, I fail to see wherein such a representation, if made, would have been erroneous with respect to the plaintiff herein, whose active duty allegedly has been spent in the service of the Ready Reserve. In any event, such a contention will not be entertained by the Court for numerous reasons, none the least of which is that plaintiff cannot be heard to raise it at this late date, after plaintiff has served a portion of his re-enlistment and served it unsatisfactorily. It is not relevant to the present order compelling plaintiff to active duty for failure to perform his Reserve obligations satisfactorily.

■ Plaintiff's remaining contentions are that the Pennsylvania Air National Guard was bound to compute his drill absences on the basis of his anniversary year rather than upon the military fiscal year, that he was the object of discrimination for personal reasons and that due consideration was not given to his personal hardship as prescribed by Section 673a. In raising these issues plaintiff bades the Court to transgress the well settled boundaries which circumscribe civil review of military action. The Court will inquire into an activation order under 10 U.S.C. § 673a for unsatisfactory performance in the Reserves only so far as to determine whether the military has acted within its jurisdiction under valid law. Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.1968), aff'd 390 F.2d 879 (2d Cir. 1968), cert. den. 393 U.S. 896, 89 S.Ct. 188, 21 L.Ed. 2d 177 (1968); Fox v. Brown, 402 F.2d 837 (2d Cir. 1968).

■ With respect to the contention that plaintiff's absences from drills should have been computed on the basis of his anniversary year, plaintiff alleges no statutory provision or military regulation which prescribes such a basis for computation. The statutory indication, in fact, appears to be the contrary.

Section 275(b) of Title 10 U.S.C. provides:

"Under regulations to be prescribed by the Secretary of Defense, each military department shall prepare and maintain a record of the number of members of each class of each reserve component *who, during each fiscal year, have participated satisfactorily in active duty for training and inactive duty training with pay.* Aug. 10, 1956, c. 1041, 70A Stat. 13; Sept. 2, 1958, Pub.L. 85–861, § 1(5) (B), 72 Stat. 1439." (Emphasis supplied.)

In complying with this provision, the Pennsylvania Air National Guard would most conveniently maintain its records of a Reservist's unsatisfactory drill attendance on the military fiscal year. There is no indication that the Pennsylvania Air National Guard has transgressed the law or military regulation in choosing the military fiscal year as a basis for computing plaintiff's drill absences.

Plaintiff alleges merely that he was "advised" the computation was to be made upon his anniversary year. It is not stated upon what authority, by whom or by what means plaintiff was so advised. Regardless, I do not think this is a proper matter for civil adjudication any more than are questions of military discretion. If such a matter were reviewable by a civil court, any member of the military could circumvent the limitation upon review of acts of military discretion simply by asserting that it was represented to him that his superiors would act otherwise.

Plaintiff's contention that he has been the object of a discriminatory exercise of military discretion clearly falls within the realm of non-justiciable issues. In answer to the contention, it is sufficient to set forth the words of the Supreme Court of the United States in the case of Orloff v. Willoughby, (1953) 345 U.S. 83, at page 93, 73 S.Ct. 534, at p. 540, 97 L.Ed. 842:

"We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."

Plaintiff's final contention is that the military authorities have failed to give due consideration to the personal hardship which will result to plaintiff's family from his call to active duty. The Complaint sets forth only in the most general language that plaintiff has exhausted his military remedies. While Section 673a of Title 10 U.S.C. contemplates that military authorities shall give due consideration to family responsibilities in ordering a Reservist to active duty, I conclude from the Complaint and hearing in this matter that plaintiff has failed to demonstrate that he has requested consideration of the same while in the Pennsylvania Air National Guard or that the Air Force would not entertain such a request pursuant to Title 10 U.S.C. § 938 in the event that an opportunity for the same has not yet been afforded plaintiff. As to whether family hardship exists, this is entirely a matter of military discretion and is not reviewable here.

In accordance with the foregoing, I conclude the Complaint must be dismissed on its merits. An appropriate order is entered.