AIC Charles V. HEUCHAN, Petitioner,

v.

Melvin LAIRD, Secretary of Defense, Robert C. Seams, Jr., Secretary of the Air Force, Major General Adams, Adjutant General, Missouri Air National Guard, Lt. Col. Howard Finley, Commander, 218th GEEIA Squadron, Respondents.

No. 69 C 382(2).

United States District Court,
E. D. Missouri, E. D.

Dec. 3, 1969.

Francis L. Ruppert, Ruppert & Schlueter, Clayton, Mo., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., Daniel O'Neill, Asst. U. S. Atty., St. Louis, Mo., for respondents.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on petitioner's application for a temporary restraining order and petition for declaratory judgment, injunction, and mandamus. Petitioner is a member of the United States Air Force Reserve and the Missouri Air National Guard, and is assigned to the 218th GEEIA Squadron, Jefferson Barracks, Missouri. Respondent Laird is the Secretary of Defense of the United States; respondent Seams is the Secretary of the Air Force; respondent Major General Adams is the Adjutant General of the Missouri Air National Guard; and respondent Lt. Colonel Finley is the Commander of the 218th GEEIA Squadron. Petitioner alleges that this Court has jurisdiction under 28 U.S.C. §§ 2202, 1361, 2201, and 1651.

Petitioner's basic contention is that respondents may not order him to active duty for a period of twenty-four months, less time already served on active duty, for failure to pass certain skill level tests. Respondents deny that this Court has jurisdiction and argue that the order to active duty is valid. The parties stipulated to most of the facts, and a hearing on the application and petition was held on November 21, 1969.

In August 1964 petitioner enlisted in the Reserve of the Air Force and Air National Guard under the provisions of 32 U.S.C. § 302 for a period of six years. He was ordered to active duty for a period of four months during which time he received training as a Medical Technician and successfully completed the course at Gunter Air Force Base, Alabama. He was then assigned to the 131st Tactical Squadron, Jefferson Barracks, Missouri. That squadron was disbanded in February 1966. Petitioner accepted an assignment as an Outside Wireman with the 218th GEEIA Squadron, Jefferson Barracks, Missouri.

In connection with his assignment as an Outside Wireman, petitioner was enrolled in a "skill level" or "career development course" for Outside Wiremen, on November 1, 1966. In February 1967 petitioner passed the first examination in this course. However, in July and November 1967 he failed to pass subsequent examinations in the course. As a result he was re-enrolled in the course in May, 1968. In December 1968 petitioner failed to pass the examination in the course for the third time.

On February 16, 1969, petitioner was counselled by Lt. John Argent, of the 218th GEEIA Squadron, concerning his failure to pass the before-mentioned tests. The statement of counselling for that date reads:

"Consuled Airman with regard to his failures in CDC 36150. Airman is aware that if he does not pass EOC on the fourth time that he will go on 45 days active duty."

On February 16, 1969, petitioner failed to pass the before-mentioned Skill Level Test.

On March 12, 1969, petitioner was advised by his Commanding Officer, by mail, that:

"The National Guard is doing away with the 45-day involuntary tour of active duty for unsatisfactory participation. Instead, any member of the Guard who fails to fulfill the military requirements, whether for non progression or too many absences, will be inducted into the active military forces on a priority basis to serve for 24 months, less any active duty already served."

On March 17, 1969, and again on June 2, 1969, petitioner appeared before a Classification Board to discuss his failure to pass the before-mentioned Skill Level Tests. Both of these Boards recommended action consistent with the letter to petitioner from his Commanding Officer, Lt. Col. Finley, dated March 12, 1969.

On July 31, 1969, petitioner received "Advance Notification of Orders to Re-

port for Involuntary Active Duty". Said notification advised petitioner that:

" * * * You have been recommended and approved to serve on active duty in the United States Air Force for a period not to exceed a total of 24 months less prior periods of active duty and active duty for training for failing to satisfactorily participate in the ready reserves as a draft deferred obligor. Your enlistment may be extended, if required, until a total of 24 months of active duty has been completed."

Petitioner has requested re-evaluation from respondents Adams and Finley and the Air Force Board for Correction of Military Records. He has been denied cancellation of his orders for active duty which order him to report to Griffiss Air Force Base, Rome, New York, on November 24, 1969, for a period of seventeen months and twenty-nine days. The basis for petitioner's order to report for involuntary active duty is stated to be unsatisfactory performance in his reserve unit.

The petitioner alleges that his order to report to active duty is illegal for the following reasons: satisfactory performance in a reserve unit is based upon attendance at forty-eight inactive training periods and fifteen days field training annually and not upon passing skill level tests; petitioner's statement of understanding signed at the time he enlisted in the Air National Guard limited orders for involuntary active duty to forty-five days; and that the application of 10 U.S. C. § 673a to him is unconstitutional. Respondents rely upon 10 U.S.C. § 673a, which states:

"Notwithstanding any other provision of law, the President may order to active duty any member of the Ready Reserve of an armed force who—

(1) is not assigned to, or participating satisfactorily in, a unit of the Ready Reserve;

(2) has not fulfilled his statutory reserve obligation; and

(3) has not served on active duty for a total of 24 months.

(b) A member who is ordered to active duty under this section may be required to serve on active duty until his total service on active duty equals 24 months. If his enlistment or other period of military service would expire before he has served the required period under this section, it may be extended until he has served the required period."

This statute has been implemented by Executive Orders and 32 C.F.R. 100.

The criteria as to what constitutes satisfactory performance in the reserve unit is defined in 10 U.S.C. § 270, 32 U.S.C. § 502, and 32 C.F.R. 101. The latter regulation delegates the establishment of these criteria to the Secretaries of the Military Departments. Petitioner contends that the only criteria is "attendance and satisfactory performance of assigned duties at 48 scheduled inactive training periods and 15 days of field training * * * annually." Apparently petitioner would have the Court believe the only punishment a reservist could receive for failure to progress satisfactorily in his training is denial of credit for attendance. In this particular case the Air National Guard could deny the petitioner credit for attendance at the meetings during which he failed required tests, but could do nothing more. The Court cannot agree with this contention. The Secretary of the Air Force has set up criteria for reservists. One of these is attendance at the forty-eight meetings and fifteen days of active duty annually. Another is progress with his military skills. If a reservist who has been taking a course, such as the one involved here, for a period of months, and the only sanction available for failing the course would be denial of credit for attendance, then the military would have very limited control over the performance of its reservists. Petitioner admitted on cross-examination that he knew he was

required to pass the test or he would be subject to involuntary active duty. Therefore, petitioner has not established his attendance theory as a ground for relief.

Petitioner also contends that he cannot be activated for twenty-four months because the Statement of Understanding signed at the time he enlisted in the reserves states forty-five days was the period of time for which he could be activated for unsatisfactory performance. It is the opinion of the Court that the Government is not bound by the forty-five day limitation in the Statement of Understanding, and that 10 U.S.C. § 673a is constitutional. Schwartz v. Franklin, 412 F.2d 736 (9th Cir. 1969); Fox v. Brown, 402 F.2d 837 (2d Cir. 1968). There are other cases where reservists with contracts providing for forty-five days active duty periods have been involuntarily activated for twenty-four months under 10 U.S.C. 673. Byrne v. Resor, 412 F.2d 774 (3d Cir. 1969); Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.1968); aff'd 390 F.2d 879 (2d Cir. 1968); cert. denied 393 U.S. 896, 89 S.Ct. 188, 21 L.Ed.2d 177; Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969); Ali v. United States, 289 F. Supp. 530 (C.D.Cal.1968); Fox v. Brown, 286 F.Supp. 855 (S.D.N.Y. 1968); aff'd 402 F.2d 837 (2d Cir. 1968). The Congressional intent in 10 U.S.C. § 673a is clearly to equalize the obligation of reservists who have not previously served on active duty with that of draftees who spend twenty-four months on active duty. It vests broad powers in the President to call all members of the Ready Reserve to active duty and neither the statute nor the Executive Order requires the promulgation of a regulation to implement it. Dix v. Rollins, 413 F.2d 711, 715 (8th Cir. 1969). The reason for this is that the reservist is not subject to being drafted by the Selective Service as long as he is a member of the reserve.

There is considerable doubt whether the discretion vested in the President and his designees by statutes,

Executive Orders, and regulations is reviewable at all. Fox v. Brown, supra, and Dix v. Rollins, supra. There is a heavy burden resting upon the petitioner to show that the President and his authorized representatives abused the discretion vested in them in calling petitioner to active duty. Dix v. Rollins, supra. It is the opinion of the Court that petitioner has not met the burden in this case. Therefore, the application for a temporary restraining order and petition for injunction will be denied, and the cause will be dismissed.