432 F.2d 346
 Vern C. RASMUSSEN, Appellant,
v.
Robert Channing SEAMANS, Jr., Secretary of the Air Force, a subdivision of the Department of Defense of the United States of America, and William G. Miller, Lt. Col., United States Air Force and Commander of the 138th Electronics Installation Squadron of the Air National Guard, Appellees.
 No. 461-70.
 United States Court of Appeals, Tenth Circuit.
 October 7, 1970.
 
 Joseph Saint-Veltri, Denver, Colo. (Davies & Dikeou, Denver, Colo., with him on the brief), for appellant.
 Milton Branch, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver Colo., with him on the brief), for appellees.
 Before LEWIS, Chief Judge, and SETH and HOLLOWAY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant seeks injunctive and other relief against an order calling him up for 18 months of active duty with the Air Force.[1] The order was issued for unsatisfactory performance of duties (failure to attend drills) in the Colorado Air National Guard. No direct attack is made in the suit on the order as an abuse of discretion. Instead, appellant asserts two legal grounds which he says entitle him to relief: (1) that he did not have a continuous four-month period of active duty training, but instead had two separate training periods, so that he is not a member of the Air National Guard subject to being called up; and (2) that he was denied consideration of his complaint against the order under 10 U.S. C.A. § 938, claiming that this procedural defect warrants relief against the order.
 
 
 2
 After a hearing submitting the case on the merits, the District Court made findings and conclusions adverse to appellant and dismissed the action. This appeal from that judgment has been expedited because the order, as presently modified, calls for appellant to report for duty on October 15, 1970. At argument before us on September 21, 1970, it was agreed that the appeal was submitted on the merits, as our order expediting the appeal stated.
 
 
 3
 The facts are not in material dispute. Appellant enlisted in 1965 in the Air National Guard and commenced four months active duty training in June, 1966, as required. 32 C.F.R. § 888a.18. After completing basic training he was assigned to the 138th AC&W Squadron at Greeley, Colorado, to serve the remainder of the four months. However, in August, 1966, he was released from this active duty for unsatisfactory performance. His release would ordinarily have terminated his Air National Guard status, making him eligible for priority induction under the selective service system. 32 C.F.R. § 1631.8. In fact, one point made by appellant is that this was the necessary effect of his release so that the present order is contrary to such regulations.
 
 
 4
 According to appellant's affidavit, he shortly had an interview with General Moffatt, the Adjutant General for Air in Colorado. The affidavit states that appellant was told that his offenses were not serious enough to warrant the action taken. In September, 1966, appellant was then ordered to return to complete the four months training, which he did. He has since been a member of a Colorado Air National Guard unit.
 
 
 5
 In March, 1970, appellant was notified of deficiencies in drill attendance and in May learned of a recommendation for an order to involuntary active duty due to unsatisfactory participation in the Air National Guard activities. 10 U.S.C.A. § 673a; Executive Order No. 11366. Appellant testified that he was not advised of the availability of an appellate or administrative remedy. However, appellant made a written request for a delay in the order which was denied, and also made a written complaint dated September 2, 1970, citing 10 U.S.C.A. § 938, which was not forwarded to an officer possessing general court-martial jurisdiction. See footnote 6, infra. Appellant was advised by a letter from appellee Miller dated September 4, 1970, that § 938 does not apply to the National Guard or Reserve Forces. The order calling appellant up had been issued on July 31, 1970, for him to report on September 8, and just prior to that time this suit was commenced. As stated above the reporting date has been changed to October 15, 1970.
 
 
 6
 First, appellant says that because he had no continuous four months active duty training he is not lawfully subject to the order as a member of the Air National Guard. The hiatus in the training, according to the report of separation, was due to unsatisfactory performance and appellant resumed the training within one month. The District Court found that appellant completed the four months training period, and the finding is amply supported and not challenged. There was testimony by the First Sergeant of appellant's unit that the four months training is normally performed in one continuous period. However, the regulation contains no prohibition against such training being in two periods, 32 C.F.R. § 888a.18, and we are referred to no authority supporting appellant's proposition. We conclude that he was lawfully returned to Air National Guard training and status and is subject to the order in question issued pursuant to 10 U.S.C.A. § 673a for not participating satisfactorily in his unit.
 
 
 7
 Appellant's primary contention is that he was unlawfully denied any consideration of his complaint against the order as required by 10 U.S.C.A. § 938.[2] The Government argues that this procedural provision of the Uniform Code of Military Justice does not apply to Air National Guard personnel not in federal service. We agree and affirm the District Court's conclusion that § 938 does not apply.
 
 
 8
 § 938 is one of the procedural provisions of the Uniform Code of Military Justice, c. 47 of Title 10, U.S.C. The statute applies to any "* * * member of the Armed Forces." The "Armed Forces" are defined as the Army, Navy, Air Force, Marine Corps and Coast Guard, 10 U.S.C.A. § 101(4), which does not contemplate appellant's status. Moreover, those subject to the Uniform Code of Military Justice (of which § 938 is a part) are specifically defined in 10 U.S. C.A. § 802,[3] and the definition again does not contemplate one in appellant's status. The statute makes applicable the Code to clearly defined members of a regular component of the Armed Forces and members of a reserve component on inactive duty training authorized by written orders which specify they are subject to the chapter, among others. We do not feel that appellant, being in civilian status and not on reserve training subject to the Code, is within the terms of § 938. The legislative history of the Code reinforces our conclusion.[4]
 
 
 9
 We note that several decisions have indicated that § 938 applies in similar circumstances.[5] In view of the statutory definitions and the purpose of the Code discussed above, we are not persuaded that § 938 was intended to apply to one in appellant's status. He was afforded consideration of a request for delay, which was denied.[6] Accordingly, we conclude that relief was properly denied.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellant prays for interlocutory and final injunctive orders and includes a prayer for general relief. Jurisdiction is alleged under 28 U.S.C.A. §§ 1331, 1346 and 1361. Treating the complaint as looking to mandamus relief in view of the reliance on § 1361, we conclude that subject matter jurisdiction is sufficiently invoked under § 1361 for disposition. See, e. g., Schatten v. United States, 419 F.2d 187, 191 (6th Cir.); and Smith v. Resor, 406 F.2d 141, 147 (2d Cir.). Since no jurisdictional amount is alleged, § 1331 does not appear to apply. § 1346 is not available because the suit is not against the United States within the meaning of the jurisdictional statute
 
 
 [2]
 "§ 938. Art. 138. Complaints of wrongs
 "Any member of the armed forces who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon. Aug. 10, 1956, c. 1041, 70A Stat. 78."
 
 
 [3]
 § 802 provides in pertinent part as follows:
 "§ 802. Art. 2. Persons subject to this chapter
 "The following persons are subject to this chapter:
 "(1) Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment; volunteers from the time of their muster or acceptance into the armed forces; inductees from the time of their actual induction into the armed forces; and other persons lawfully called or ordered into, or to duty in or for training in, the armed forces, from the dates when they are required by the terms of the call or order to obey it.
 "(2) Cadets, aviation cadets, and midshipmen.
 "(3) Members of a reserve component while they are on inactive duty training authorized by written orders which are voluntarily accepted by them and which specify that they are subject to this chapter." (Emphasis added.)
 
 
 [4]
 The legislative history of § 802 of the U.C.M.J., 10 U.S.C.A. § 802, does contain some helpful discussion of the applicability of the Code. In dealing with § 802, Senate Report No. 486, 81st Congress, Second Session, stated in its discussion of § 802:
 "Article 2. Persons subject to the code
 "Paragraph (1) is an adaptation of AW 2(a) and is consistent with section 12 of the Selective Service Act of 1948 which provides:
 "No person shall be tried by court martial in any case arising under this title unless such person has been actually inducted for training and service prescribed under this title * * *.
 * * * * *
 "Paragraph (3) is adapted from 34 U.S.C., section 855. It makes the code applicable to a person on inactive duty training, but only if he has voluntarily undertaken the training after notice that he will be subject to the code. This paragraph is intended to afford control over persons on inactive duty training involving the use of dangerous or expensive equipment — such as week-end flight training." (Vol. 2, U.S. Code Congressional Service, 81st Congress, Second Session, p. 2229.)
 
 
 [5]
 See Schatten v. United States, supra; Smith v. Resor, supra; Fox v. Brown, 402 F.2d 837 (2d Cir.), cert. denied, 393 U.S. 938, 89 S.Ct. 1219, 22 L.Ed.2d 471; and Metz v. United States, 304 F. Supp. 207 (W.D.Pa.)
 
 
 [6]
 The Assistant Adjutant General for Air of Colorado testified that appellant's request for a delay in active duty under the order was received by his office through channels. Appellant's request was considered and denied for the Adjutant General for Air of Colorado after consideration under the conditions for delay in reporting to active duty specified by Air Force Manual 35-3, pp. 14-5 and 14-6
 Appellant also submitted a letter to appellee, Lieutenant Colonel Miller, stating that he was refused redress, citing 10 U.S.C.A. § 938, and saying that he wished to complain to a superior officer possessing court-martial jurisdiction. The Assistant Adjutant General for Air testified that to his knowledge appellant's case was not forwarded to an officer exercising general court-martial jurisdiction.